# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RICHARD TODD WILLIAMS,
    Petitioner,

vs.

TIM BRUNSMAN, WARDEN,
    Respondent.

Civil Action No. 1:09-cv-250

Dlott, J.
Hogan, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, a state prisoner, brings this case *pro se* seeking a writ of habeas corpus pursuant

to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), respondent's return of

writ and exhibits thereto (Doc. 6), and petitioner's response in opposition. (Doc. 7).

## I. PROCEDURAL HISTORY

In 2007, petitioner was convicted of rape and gross sexual imposition of his two

stepchildren, ages six and nine, and sentenced to life imprisonment plus thirty years.

On April 9, 2007, petitioner filed a pro se notice of appeal to Twelfth District Ohio Court of

Appeals. (Doc. 6, Exh. 17). Counsel entered an appearance on behalf of petitioner and raised the

following assignments of error on appeal:

> 1. The trial court erred to the prejudice of defendant-appellant when it admitted into
> evidence certain hearsay testimony.
>
> 2. The trial court erred to the prejudice of defendant-appellant when it refused to
> allow him to ask his expert witness a question regarding false confessions from
> innocent suspects.

(Doc. 6, Exh. 18). The State filed a brief in opposition. (Doc. 6, Exh. 19). On July 28, 2008, the

Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the judgment of the

trial court. (Doc. 6, Exh. 21).

On August 26, 2008, petitioner filed a pro se application to reopen his direct appeal on the

basis of ineffective assistance of appellate counsel pursuant to Ohio App. R. 26(B). (Doc. 6, Exh.

22). As "probable issues for review," petitioner listed: "sentence contrary to law, innocence,

evidence, false testimony, conspiracy, multiple punishment, ineffective counsel, unfair trial, etc."

(Doc. 6, Exh. 22). On October 16, 2008, the Ohio Court of Appeals denied the application to

reopen finding that "counsel's failure to argue the specific assignments of error appellant presents in

his application does not raise a genuine issue as to whether appellate counsel was ineffective."

(Doc. 6, Exh. 23 at 2).

Petitioner filed a pro se notice of appeal of the Ohio Court of Appeals' denial of his

application to reopen to the Ohio Supreme Court on November 24, 2008. (Doc. 6, Exh. 24). He

raised the following propositions of law:

1. "The appeals court abused their discretion when it denied Appellant's re-opening
of direct appeal upon a credible showing of ineffective assistance of counsel by his
failure/neglect to raise reversible errors which def. insisted to be raised, and only
filed a notice of appeal for the review of such claims."

2. "The appeals court abused their discretion when not reversing the claim that the
trial court erred to the prejudice of def. when it admitted into evidence certain
hearsay testimony."

3. "The appeals court abused their discretion when not reversing the claim that the
trial court erred to the prejudice of def. when it refused to allow def. to ask the expert
witness a question regarding false confessions from innocent suspects."

4. (As submitted in the original notice of appeal the following claim is reversible
error) "A factual claim of innocense."

5. (As submitted in the original notice of appeal, the following claim is reversible
error) "The sentence is contrary to law."

6. (As submitted in the original notice of appeal the following claim is reversible
error). "Appellate counsel was ineffective for failing to raise the insisted claims of
error, nor effect my right to appeal."

7. (As submitted in the original notice of appeal the following claim is reversible
error) "Trial counsel was ineffective," for failing to object the sentence of mandatory

2

life + 30 yrs for a ongoing course of criminal conduct, over the max permitted by law, factual innocence, conspiracy, factual claim of innocence, multiple punishment, and the allied offense law.

(Doc. 6, Exh. 25). Petitioner's pro se appeal to the Ohio Supreme Court was dismissed as not involving any substantial constitutional question. (Doc. 6, Exh. 26).

## II. FEDERAL HABEAS CORPUS

Petitioner filed the instant petition for a writ of habeas corpus setting forth the following grounds for relief:

**GROUND ONE**: "The appeals court abused their discretion when it denied appellant's re-opening of direct appeal which denied me the constitutional right to appeal."

**Facts**: "The Appeals Court abused their discretion and created a miscarriage of justice by denying my App. R. 26(B), after a showing of ineffective asst. of counsel by failure/neglect for counsel to submit the insisted, submitted claims in which was the "sole" purpose of me initiating an appeal in the first place."

**GROUND TWO**: "The state courts violated Federal Protected Rights when not reversing the claim that the trial court erred to the prejudice of defendant when it admitted into evidence certain hearsay testimony." (Facts raised in appeal)

**GROUND THREE**: "The state courts violated federal protected rights when not reversing the claim that the trial court erred to the prejudice of defendant when it refused to allow defendant to ask the expert witness a question regarding false confession from innocent suspects." (Facts raised in appeal)

**GROUND FOUR**: "Conviction obtained by insufficient evidence which in light of defendant show a claim of factual innocence."

**Facts**: The testimony & statements on the record "clearly" show factual innocence.

**GROUND FIVE**: "The sentence is contrary to law."

**Facts**: The sentence of life + 30 yrs violates both federal and state law and is unsupported by law and violates the Blakely clause, allied offense law and secured constitutional law.

**GROUND SIX:** "Appellate counsel was ineffective for failing to raise the insisted claims of error, nor effect my right to appeal."

**Facts:** I submitted claims in my original appeal filings which appellate counsel ignored, which denied me my right to appeal.

**GROUND SEVEN:** "Trial counsel was ineffective which denied me the right to the constitution denied of effective assistance of counsel."

**Facts:** For counsel's failure to object to an unconstitutional & statutory violated sentence of life + 30 years, and failure to raise factual innocence, conspiracy, multiple punishment, allied offense law, nor object to certain testimony, inconsistencies, nor investigate the claims of an unlawful conviction, insufficient evidence, and unlawful sentence.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a

presumption of correctness in the absence of clear and convincing evidence to the contrary. 28

U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267

F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those

decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin*

*v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104- 132, 110

Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated

on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

4

28 U.S.C. § 2254(d). A legal principle is "clearly established" for purposes of habeas corpus review "only when it is embodied in a holding of [the Supreme] Court." *Thaler v. Haynes*, 130 S. Ct. 1171, 1173 (2010).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

If a state court does not articulate the reasoning behind its decision or fails to adjudicate the constitutional issues, the AEDPA deferential standard of review set forth in section 2254(d) is inapplicable. *See Wiggins v. Smith,* 539 U.S. 510, 534 (2003); *Towns v. Smith*, 395 F.3d 251, 257 (6th Cir. 2005); *see also Clinkscale v. Carter*, 375 F.3d 430, 436 (6th Cir. 2004) (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003) ("Where as here, the state court did not assess the merits of a claim properly raised in a habeas petition, the deference due under AEDPA does not apply.")). Under these circumstances, the constitutional claim is reviewed *de novo* and the Court considers "the totality of the evidence-'both that adduced at trial, *and the evidence adduced in the habeas proceeding[s].*'" *Wiggins,* 539 U.S. at 536 (emphasis in the original) (quoting *Williams v. Taylor,* 529 U.S. 362, 397-98 (2000)). *Accord Clinkscale*, 375 F.3d at 436.

### III. GROUND ONE OF THE PETITION IS NOT COGNIZABLE IN HABEAS CORPUS.

Ground One of the petition asserts that the Ohio Court of Appeals abused its discretion when it denied petitioner's application to reopen his direct appeal under Ohio App. R. 26(B).

Petitioner's claim of error fails to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding. The Sixth Circuit has held that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings." *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) (citing *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986)). Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby,* 794 F.2d at 247; *see also Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell,* 307 F.3d 380, 387 (6th Cir. 2002). Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby,* 794 F.2d at 248 (citing *Prieser v. Rodriguez,* 411 U.S. 475, 500 (1973)). A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See Kirby,* 794 F.2d at 247-48.

Petitioner's claim that the Ohio Court of Appeals denied him his constitutional rights by denying his Rule 26(B) application challenges the constitutionality of a state post-conviction proceeding and not the conviction itself. Because a Rule 26(B) application to reopen is a collateral proceeding, *see Lopez v. Wilson,* 426 F.3d 339, 352 (6th Cir. 2005) (en banc), allegations of error in this process are not cognizable on federal habeas corpus review. *See Johnson v. Warden,* No. 1:06-cv-156, 2007 WL 2206550, at *12 (S.D. Ohio July 30, 2007); *Adkins v. Konteh,* No. 3:05-cv-2978, 2007 WL 461292, at *4 (N.D. Ohio Feb. 7, 2007). Accordingly, Ground One of the petition should be denied as not cognizable in federal habeas corpus.

## IV. GROUND TWO OF THE PETITION SHOULD BE DENIED.

Ground Two of the petition asserts the trial court violated petitioner's rights when it admitted into evidence certain hearsay testimony. On direct appeal, the Ohio Court of Appeals

6

rejected petitioner's argument that the trial court's admission of Detective Staples' testimony about statements made by F.A., one of the child victims, violated the Ohio Rules of Evidence and the Confrontation Clause of the Sixth Amendment to the United States Constitution. (Doc. 6, Exhs. 18, 21). Petitioner did not appeal the denial of this claim to the Ohio Supreme Court.[1]

Since petitioner may still file a motion for delayed appeal in the Supreme Court of Ohio, *see* Ohio S. Ct. Prac. R. II, § 2(A)(4)(a), he has not exhausted Ground Two of the petition. Generally, the failure to exhaust state court remedies requires dismissal of the entire petition. *Lyons v. Stovall*, 188 F.3d 327, 333 (6th Cir. 1999) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). However, because the exhaustion requirement is not jurisdictional, an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2). *See also Granberry v. Greer*, 481 U.S. 129 (1987). The failure to exhaust state remedies is not an absolute bar to adjudication on the merits where, as here, the federal claims lack merit, and requiring additional proceedings in state court would waste time and judicial resources. *Lyons*, 188 F.3d at 333; *see also Colbert v. Tambi*, 513 F. Supp.2d 927, 938 (S.D. Ohio 2007). In this case, the Court shall excuse the exhaustion requirement in the interest of judicial economy and proceed to address the merits of petitioner's unexhausted claim.

In addressing this assignment of error, the Ohio Court of Appeals ruled as follows:

{¶ 7} In his first assignment of error, appellant argues the trial court erred in permitting Monroe Police Detective Michael Staples to testify about statements he heard F.A. make during an interview conducted by Butler County Children Services. Appellant maintains that Det. Staples' testimony regarding these statements is inadmissible hearsay.

---

[1] Petitioner included this claim in connection with his appeal to the Ohio Supreme Court from the denial of his Rule 26(B) application to reopen by the Ohio Court of Appeals. As explained more fully in Section VI, *infra*, that appeal did not preserve the underlying claim for habeas corpus review, *see Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008), nor constitute exhaustion of the claim.

{¶ 8} A trial court's decision to admit or exclude evidence will not be reversed by a reviewing court absent an abuse of discretion. *State v. Craft*, Butler App. No. CA2006-06-145, 2007-Ohio-4116, ¶ 48. An abuse of discretion implies that the court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 130.

{¶ 9} The hearsay rule provides that out-of-court statements are inadmissible unless the evidence falls within one of the clearly delineated exceptions. See Evid. R. 801(C), 802, 803, and 804. The historic purpose of the hearsay rule is "to exclude statements of dubious reliability that cannot be tested by cross-examination." *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 70.

{¶ 10} At trial, over appellant's objection, Det. Staples testified that he observed F.A.'s interview with a representative of children services, and that during this interview F.A. disclosed multiple instances of sexual conduct with appellant. Det. Staples testified that F.A. explained that on several occasions, appellant would "grab [F.A.'s] hand and make her play with his penis," that appellant once put F.A. on a bed, removed his own clothes, and rubbed his body on her clothed body, and that "sometimes [appellant] pees on [F.A.], which she described as a yellowish-greenish color, and [F.A.] said it was a liquid." Det. Staples also testified that F.A. stated, "[appellant] had French kissed [F.A.] with his tongue in [her] mouth on several occasions and had stuck his finger in her pee-pee hole." At trial, appellant objected to the admission of Det. Staples' testimony. In response, the state argued that this testimony was being offered as a prior consistent statement, pursuant to Evid. R. 801(D)(1)(b).

{¶ 11} Evid. R. 801(D) defines certain declarations which are characterized as non-hearsay. Evid. R. 801(D)(1)(b) permits the admission of statements made by the declarant prior to trial that are consistent with his or her testimony. Also, "[t]his rule permits the rehabilitation of a witness whose credibility has been attacked by means of a charge that [she] recently fabricated [her] story by admitting into evidence a consistent statement made by the witness prior to the time of the suggested invention or of the emergence of the motive to falsify, as tending to rebut the charge." *State v. Baker*, Franklin App. No. 02AP-339, 2002-Ohio-7031, ¶ 51, citing *Motorists Mut. Ins. Co. v. Vance* (1985), 21 Ohio App.3d 205, 207.

{¶ 12} "In order for this exception to apply, the declarant must be subject to cross-examination and the statement must be offered to rebut an accusation that the declarant lied or was improperly influenced in [her] testimony." *State v. Glossip*, Warren App. No. CA2006-04-040, 2007-Ohio-2066, ¶ 31, citing *State v. Grays*, Madison App. No. CA2001-02-007, 2001-Ohio-8679. To be admissible, prior consistent statements must have been made before the existence of any motive or

influence to falsify testimony. *Glossip* at ¶ 32, citing *Grays*.

{¶ 13} During the cross-examination of F.A., after questioning her about what she told the Children Services representative, appellant's counsel asked the following questions:

{¶ 14} "[Counsel]: [F.A.], who all have you discussed this with? Who all have you talked with this about?

{¶ 15} "[F.A.]: I talked * * * about this with my mother * * * my dad, * * * my [a]unt * * * and my [u]ncle * * *."

{¶ 16} "Q: You got a lot of people in your family, right?

{¶ 17} "A: Yes.

{¶ 18} "Q: And have any of those people told you what to say?

{¶ 19} "A: Yeah.

{¶ 20} "Q: Who's told you want to say?

{¶ 21} "A: [A]ll of them except for my [u]ncle.

{¶ 22} "Q: They talked to you about this stuff a lot?

{¶ 23} "A: Sometimes, yes.

{¶ 24} "Q: Sometimes more than others, and there will be a long time when it doesn't come up, right?

{¶ 25} "A: Yes.

{¶ 26} "Q: But in anticipation of today and coming to court today, you have talked about it a lot more, is that fair?

{¶ 27} "A: Yes.

{¶ 28} "Q: And they have told you certain things to say when you come in here; is that right?

{¶ 29} "A: Yes."

{¶ 30} After reviewing the record, we find that the trial court properly admitted Det. Staples' testimony pursuant to Evid. R. 801(D)(1)(b). Counsel's cross-examination of F.A. amounted to an implication of improper influence, and the trial court was within its discretion to allow rehabilitation through the introduction of a prior consistent statement pursuant to Evid. R. 801(D)(1)(b). See *State v. Blevins* (Oct.

19, 1998), Clermont App. No. CA97-09-076; *State v. Marshall* (Apr. 29, 1991), Clinton App. No. CA90-04-010.

{¶ 31} Next, appellant argues that Det. Staples' testimony violates the Confrontation Clause and *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354. However, appellant's reliance on *Crawford* is misplaced, as F.A., the declarant, testified at trial and was subject to cross-examination. Accordingly, we find the Sixth Amendment right to confrontation was not implicated. See *State v. Bryant,* Warren App. No. CA2007-02-024, 2008-Ohio-3078, ¶ 52.

{¶ 32} Finally, appellant argues that during the state's redirect examination of F.A., the trial court improperly permitted hearsay testimony. On redirect, the state asked F.A. the following:

{¶ 33} "Prosecutor: [F.A.], when these people would tell you what to say in court, what did they say?

{¶ 34} " * * *

{¶ 35} "[F.A.]: My dad told me to tell the truth and tell everything that happened. And [my stepmom] said the same. I told my mom that I wanted to protect her before she could kick out [appellant] and send him to jail. And she said to say that in court, which I did. And my [aunt] and my [uncle] said the same thing that my dad * * * and [stepmom] said."

{¶ 36} After reviewing the record, we find that the trial court was within its discretion to permit F.A.'s testimony, following appellant's cross-examination. F.A.'s testimony that her family members instructed her to "tell the truth and to tell everything that happened" was not offered to prove the truth of the matter asserted, but merely to demonstrate that the statements were made to F.A. Accordingly, F.A.'s testimony is not hearsay. See *State v. Welton,* Fayette App. No. CA2006-07-028, 2008-Ohio-2113, ¶ 34; *State v. Dowdell* (Oct. 30, 1975), Cuyahoga App. No. 34214. Moreover, appellant invited any alleged error in the admission of this testimony by introducing this line of questioning on cross-examination. See *State v. Wood,* Preble App. No. CA2005-11-018, 2006-Ohio-3781.

{¶ 37} Appellant's first assignment of error is overruled.

(Doc. 6, Exh. 21 at 2-6).

To the extent petitioner claims the trial court violated Ohio law when it admitted the "hearsay" testimony of Detective Staples (Doc. 6, Exh. 18), this claim is not cognizable in this

10

federal habeas corpus proceeding. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). "'[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus.'" *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003) (quoting *Walker v. Engle,* 703 F.2d 959, 962 (6th Cir. 1983) (other citations omitted)). The Court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation omitted). Claims of state law error are not cognizable in federal habeas corpus "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 388, 897 (6th Cir. 2008), *cert. denied*, 129 S.Ct. 1991 (2009). Petitioner has failed to demonstrate how the allegedly incorrect evidentiary ruling denied him a fair trial or amounted to a fundamental miscarriage of justice. This claim does not raise an issue upon which habeas relief may be granted.

In addition, petitioner has not established that the Ohio Court of Appeals' decision was contrary to or involved an unreasonable application of clearly established Federal law as determined by the Supreme Court of the United States. A defendant in a criminal trial has the right to confront witnesses called against him. U.S. Const. amend. VI. The Confrontation Clause of the Sixth Amendment secures the right of a defendant to cross-examine an adverse witness for the purpose of uncovering possible biases and exposing the witness's motivation for testifying. *See Davis v.*

11

*Alaska,* 415 U.S. 308, 316-317 (1974). Because cross-examination is "the most effective method by which a defendant can test the truth of testimony given against him," *Stevens v. Bordenkircher,* 746 F.2d 342, 346 (6th Cir. 1984), the right of confrontation and cross-examination is considered "an essential and fundamental requirement" for a fair trial. *Barber v. Page,* 390 U.S. 719, 721 (1968) (quoting *Pointer v. Texas,* 380 U.S. 400, 405 (1965)). *See also Kentucky v. Stincer,* 482 U.S. 730, 739 (1987).

The admission of hearsay statements by a declarant not present or otherwise available for cross-examination at trial may trigger concerns of a possible violation of the defendant's right under the Sixth Amendment's Confrontation Clause to confront and cross-examine the witnesses against him. *See Crawford v. Washington,* 541 U.S. 36, 50-60 (2004). In *Crawford,* the United States Supreme Court held that testimonial out-of-court statements offered against the defendant to establish the truth of the matter asserted are not admissible where the defendant had no opportunity (either before or during trial) to cross-examine the witness, regardless of the reliability of the admitted statements. *Crawford,* 541 U.S. at 68-69 (abrogating *Ohio v. Roberts,* 448 U.S. 56 (1980)). The Supreme Court stated, "Where testimonial evidence is at issue . . . the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." 541 U.S. at 68.

This case does not trigger any concerns under the Sixth Amendment's Confrontation Clause because the out-of-court declarant, F.A., testified at petitioner's trial and was subjected to unrestricted cross-examination by defense counsel. In addressing this situation, the Supreme Court in *Crawford* stated:

> [W]hen the declarant appears for cross-examination at trial, the Confrontation Clause

places no constraints at all on the use of his prior testimonial statements. *See California v. Green,* 399 U.S. 149, 162, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). It is therefore irrelevant that the reliability of some out-of-court statements "'cannot be replicated, even if the declarant testifies to the same matters in court.'" *Post,* at 1377 (*quoting United States v. Inadi,* 475 U.S. 387, 395, 106 S.Ct. 1121, 89 L.Ed.2d 390 (1986)). The Clause does not bar admission of a statement so long as the declarant is present at trial to defend or explain it.

*Crawford,* 541 U.S. at 59 n. 9. *See also United States v. Kappall,* 418 F.3d 550, 554 (6th Cir.

2005). Because F.A. testified at trial and was subject to cross-examination, petitioner cannot

establish a Confrontation Clause violation in this case. *See United States v. Owens,* 484 U.S. 554,

560 (1988) (where a hearsay declarant is present at trial and subject to unrestricted cross-

examination, the "traditional protections of the oath, cross-examination, and opportunity for the jury

to observe the witness' demeanor satisfy the constitutional requirements" of the Sixth Amendment).

Moreover, F.A.'s prior statements were not admitted for the truth of the matter asserted, but

to rehabilitate F.A.'s credibility after cross-examination suggested that F.A. was improperly

influenced by other family members. Where a prior statement is admitted solely for non-hearsay

purposes, it raises no Confrontation Clause problem. *Crawford,* 541 U.S. at 59 n. 9 ("The Clause

also does not bar the use of testimonial statements for purposes other than establishing the truth of

the matter asserted. *See Tennessee v. Street,* 471 U.S. 409, 414, 105 S.Ct. 2078, 85 L.Ed.2d 425

(1985).").

The Court determines that the Ohio Court of Appeals did not unreasonably apply the

Supreme Court's decision in *Crawford,* the "clearly established Federal law" for purposes of

AEDPA review, nor reach a decision contrary to *Crawford,* in holding that the admission of

Detective Staples' statements did not violate petitioner's Confrontation Clause rights. *See* §

2254(d)(1). Ground Two of the petition should be denied.

13

## V. GROUND THREE OF THE PETITION SHOULD BE DENIED.

Ground Three of the petition asserts the trial court erred in refusing to allow petitioner's

expert witness to answer a question regarding false confessions from innocent suspects. While this

claim is unexhausted for the reasons set forth above, the Court declines to require exhaustion of this

claim and shall address it on the merits.

The Ohio Court of Appeals ruled on this claim of error as follows:

{¶ 40} In his second assignment of error, appellant argues the trial court improperly limited the testimony of his expert psychologist, Dr. Solomon Fulero. Appellant maintains that Dr. Fulero's excluded testimony would have cast doubt on the reliability of incriminating statements appellant made during the investigation. Appellant claims that his statements were falsely induced by psychological interrogation techniques.

{¶ 41} Prior to trial, appellant moved to permit the testimony of Dr. Fulero, and the trial court held a hearing pursuant to Evid. R. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.* (1993), 509 U.S. 579, 113 S.Ct. 2786. Following this hearing, the trial court permitted Dr. Fulero to testify as an expert at trial, consistent with the U.S. Supreme Court's decision in *Crane v. Kentucky* (1986), 476 U.S. 683, 106 S.Ct. 2142, regarding his knowledge of psychological law enforcement interrogation techniques and the impact they may have on inducing false confessions. However, the trial court specifically excluded testimony, " * * * regarding the number of wrongful convictions or circumstances relating to other cases of claimed wrongful prosecutions and/or convictions based on false confessions, past or present * * *."

{¶ 42} In *Daubert,* the Supreme Court "interpreted Fed. R. Evid. 702, the federal version of Evid. R. 702, as vesting the trial court with the role of gatekeeper. This gatekeeping function imposes an obligation upon a trial court to assess both the reliability of an expert's methodology as well as the relevance of any testimony offered before permitting the expert to testify. [The Ohio Supreme Court] adopted this role for Ohio trial judges in *Miller v. Bike Athletic Co.* (1998), 80 Ohio St.3d 607 * * *." (Internal citations omitted.) *Terry v. Caputo,* 115 Ohio St.3d 351, 2007-Ohio-5023, ¶ 24.

{¶ 43} Further, Evid. R. 403(A) provides, "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." "The issue of whether testimony or evidence is relevant or irrelevant, confusing or misleading, is

best decided by the trial judge, who is in a significantly better position to analyze the impact of the evidence on the jury." *Renfro v. Black* (1990), 52 Ohio St.3d 27, 31. A trial court's decision to admit or exclude evidence will not be reversed absent an abuse of discretion. *Hancock,* 2006-Ohio-160 at ¶ 122.

{¶ 44} At trial, appellant's counsel asked Dr. Fulero if "there have been cases in which police used psychological interrogation techniques that resulted in false confessions from people that were entirely innocent," and Dr. Fulero responded, "Yes, absolutely." The trial court sustained the state's objection, instructed the jury to ignore Dr. Fulero's last statement, and instructed the parties to remain consistent with its decision regarding the limitations on Dr. Fulero's permitted testimony.

{¶ 45} After reviewing the record, we find that the trial court did not abuse its discretion in excluding Dr. Fulero's response pursuant to Evid. R. 403(A). While a criminal defendant has a constitutional right to present a meaningful defense, "this right does not engender an unfettered entitlement to the admission of any and all evidence." *United States v. Sheffer* (1998), 523 U.S. 303, 308; 118 S.Ct. 1261. See also, *Crane,* 476 U.S. at 690. A defendant is certainly permitted to present evidence that tends to cast doubt on the credibility of a confession. See *State v. Goodwin,* Mahoning App. No. 99 CA 220, 2001-Ohio-3416, citing *Crane* at 689. However, the exclusion of Dr. Fulero's response did not "[foreclose appellant's] efforts to introduce testimony about the environment in which the police secured his confession" or otherwise prevent appellant from presenting "competent, reliable evidence bearing on the credibility of a confession when such evidence is central to the defendant's claim of innocence." *Crane* at 690-691.

{¶ 46} Appellant's second assignment of error is overruled.

(Doc. 6, Exh. 21 at 6-8).

Respondent contends this ground for relief is procedurally defaulted because petitioner failed to raise the claim to the state courts as a federal constitutional claim and relied solely on Ohio law. The Court agrees that on direct appeal, petitioner's brief addressed the exclusion of this evidence solely as a matter of state law by arguing the trial court abused its discretion in excluding such testimony in violation of Ohio R. Evid. 104(A) and Ohio R. Evid. 702. (Doc. 6, Exh. 18 at 13-15). Nevertheless, the Ohio Court of Appeals ruled that the trial court's decision violated neither Ohio law nor petitioner's right to present a complete defense under *Crane v. Kentucky*, 476 U.S.

683 (1986). Since the state appellate court addressed petitioner's claim as a matter of federal law, this Court shall address the claim on its merits on habeas review.

In *Crane v. Kentucky*, 476 U.S. 683 (1986), the Supreme Court recognized that a criminal defendant has a constitutional right to present a complete defense. *Id.* at 690. The Supreme Court determined that the circumstances surrounding a suspect's confession, including the environment in which the police obtained the confession, are often highly relevant to the issue of its reliability and credibility. *Id.* at 691. Where the State fails to provide "any rational justification for the wholesale exclusion of this body of potentially exculpatory evidence," the exclusion of such evidence deprives a defendant of the right to a meaningful opportunity to present a complete defense. *Id.* Nevertheless, a "meaningful opportunity" is not equated with "every opportunity" to present relevant evidence. As recently explained by the Sixth Circuit:

> Trial judges must make "dozens, sometimes hundreds" of evidentiary decisions throughout the course of a typical case, and rarely are these of constitutional significance: "the Constitution leaves to the judges who must make these decisions 'wide latitude' to exclude evidence that is 'repetitive ..., only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.'" *Crane*, 476 U.S. at 689-90 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)) (alterations and omissions in original). But while the Constitution leaves much in the hands of the trial judge, "an essential component of procedural fairness is an opportunity to be heard." *Id.* at 690.

> The Supreme Court in *Crane* made clear that whether a defendant has a constitutional right to present evidence turns on the extent to which that evidence is so "highly relevant" that it becomes "indispensable" to the success of the defense. 476 U.S. at 691. In that case, the trial court excluded evidence of the circumstances surrounding the defendant's confession, which the defense argued would have cast doubt on the credibility of that confession. *Id.* at 684-86. . . . The evidence, which related to the physical circumstances of the confession, was so "highly relevant to [the] reliability and credibility" of the confession, and the confession was so integral to the defense, that the excluded evidence was "all but indispensable to any chance of [that defense] succeeding." *Id.* at 691.

16

*Gagne v. Booker*, 596 F.3d 335, 340-41 (6th Cir. 2010). In reviewing the trial court's decision to exclude such evidence, the Court must consider "the relevancy and cumulative nature of the excluded evidence, and the extent to which it was 'central' or 'indispensable' to the defense." *Id.* at 341.

Here, the trial judge prohibited Dr. Fulero from commenting on a single question, whether there were cases "in which police used psychological interrogation techniques that resulted in false confessions from people that were entirely innocent." (Doc. 6, Exh. 18 at 13). Petitioner argued that the question and answer went to the heart of his defense because they tended to corroborate his claim that his statement to the police was improperly induced. (Doc. 6, Exh. 18 at 14-15). Yet, as the Ohio Court of Appeals found, petitioner was not precluded from presenting evidence surrounding the environment under which *his* statements were made to police in order to establish such statements were not reliable or lacked credibility. Whether police have ever elicited false confessions from *other* people was not "highly relevant" to petitioner's defense, nor "indispensable" to the success of his defense. Neither petitioner's state court appellate brief nor documents submitted on habeas corpus review show how the exclusion of this single question prevented petitioner from presented a complete defense in violation of his constitutional rights. The Ohio Court of Appeals' decision was neither contrary to nor an unreasonable application of clearly established federal law. Therefore, petitioner is not entitled to habeas relief based on the claim alleged in Ground Three of the petition.

## V. GROUNDS FOUR, FIVE, AND SEVEN ARE PROCEDURALLY DEFAULTED AND WAIVED; GROUND SIX IS WITHOUT MERIT AND DOES NOT ESTABLISH CAUSE FOR THE PROCEDURAL DEFAULT OF PETITIONER'S OTHER CLAIMS.

In recognition of the equal obligation of the state courts to protect the constitutional rights of

17

criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*per curiam*); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985). If the petitioner fails to do so, he may have waived the unraised claims for purposes of federal habeas corpus review. *See Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

The doctrine of procedural default provides:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman*, 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something at trial to preserve his claimed error for appellate review, *e.g.*, to make a contemporaneous objection, or file a motion for a directed verdict. *United States v. Frady*, 456 U.S. 152, 167-69 (1982); *Simpson v. Sparkman*, 94 F.3d 199, 202 (6th Cir. 1996).

Federal courts may not consider "contentions of federal law that are not resolved on the merits in the state proceeding due to petitioner's failure to raise them as required by state

18

procedure." *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). If petitioner fails to fairly present his

claims through the requisite levels of state appellate review to the state's highest court, or commits

some other procedural default to preclude review of the merits of petitioner's claims by the state's

highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner

to continue to pursue his claims in the state courts, the claims are subject to dismissal with prejudice

as waived. *See O'Sullivan,* 526 U.S. at 847-48; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989);

*McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099

(6th Cir. 1989). The Sixth Circuit applies a four-part test to determine if a claim is procedurally

defaulted:

> (1) the court must determine that there is a state procedural rule that is applicable to
> the petitioner's claim and that the petitioner failed to comply with the rule; (2) the
> court must determine whether the state courts actually enforced the state procedural
> sanction; (3) it must be decided whether the state procedural forfeiture is an adequate
> and independent state ground upon which the state can rely to foreclose review of a
> federal constitutional claim; and (4) if the court has determined that a state
> procedural rule was not complied with and that the rule was an adequate and
> independent state ground, then the petitioner is required to demonstrate that there
> was cause for him not to follow the procedural rule and that he was actually
> prejudiced by the alleged constitutional error.

*Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001), *cert. denied*, 535 U.S. 1031 (2002) (citing

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986)).

In determining whether a state court rested its holding on a procedural default so as to bar

federal habeas review, "the last state court rendering a judgment in the case must have based its

judgment on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000) (citing

*Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991)).

Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state

19

court rendering a decision makes a plain statement to that effect. *Harris,* 489 U.S. at 261. No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n. 9; *see also Teague v. Lane,* 489 U.S. 288, 297-298 (1989) (plurality opinion) ("The rule announced in *Harris v. Reed* assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). In that event, the federal habeas court may hold the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris,* 489 U.S. at 263 n.9.

If, because of a procedural default, a petitioner can no longer present his claims to a state court, he has waived them unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

Ground Four of the petition asserts a claim of insufficient evidence to convict in violation of the Due Process Clause. Ground Five asserts that petitioner's sentence is contrary to law. Ground Seven asserts the ineffective assistance of trial counsel. None of these claims was raised on direct appeal to the Ohio Court of Appeals. Thus, petitioner procedurally defaulted the claims asserted in his fourth, fifth, and seventh grounds for relief because he failed to raise these issues as independent claims of error to the state appellate court on direct appeal of his conviction and sentence. Ohio law provides that an issue not raised on direct appeal is barred by the doctrine of res judicata. *See State v. Perry,* 10 Ohio St.2d 175, 175- 76, 226 N.E.2d 104, 105-06 (syllabus); *State v. Combs,* 100 Ohio App.3d 90, 97, 652 N.E.2d 205, 209 (Ohio Ct. App. 1994) (holding that res judicata stops post-

conviction relief for claims that could have been raised on direct appeal). The Sixth Circuit Court of Appeals has consistently recognized that under Ohio law an issue that is not raised by a petitioner on direct appeal is subsequently barred from subsequent review based on the doctrine of res judicata. *See, e.g., Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998) (recognizing procedural default of a claim in habeas petition where appellant never raised the claim on direct appeal to the Ohio Court of Appeals and the Ohio Supreme Court); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994) (finding adequate and independent state procedural rule where new claims raised in his second motion for leave to file a delayed direct appeal were barred by the Ohio Court of Appeals as res judicata because the petitioner had opportunity to raise constitutional claims during delayed direct appeal but failed to do so); *Leroy v. Marshall,* 151 F.2d 94, 100 (6th Cir. 1985) (holding as adequate and independent state grounds the procedural default of claims raised for the first time in a petition for writ of habeas corpus on the basis of res judicata where petitioner failed to raise those claims in his direct appeal to the Ohio Court of Appeals and to the Ohio Supreme Court).

While petitioner raised these claims in connection with his Rule 26(B) application to reopen the direct appeal by asserting appellate counsel was ineffective for failing to bring the underlying claims as assignments of error, his Rule 26(B) application did not preserve the merits of such claims for habeas review. *See Davie v. Mitchell,* 547 F.3d 297, 312 (6th Cir. 2008). "[B]ringing an ineffective assistance claim in state court based on counsel's failure to raise an underlying claim does not preserve the underlying claim for federal habeas review because 'the two claims are analytically distinct.'" *Davie,* 547 F.3d at 312 (citing *White v. Mitchell,* 431 F.3d 517, 526 (6th Cir. 2005)). Consequently, by failing to raise the claim asserted in Grounds Four, Five and Seven on direct appeal to the state courts, petitioner has waived the claims absent a showing of cause for his

21

default and actual prejudice as a result of the alleged error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

### A. Petitioner fails to establish cause or prejudice for the procedural default.

As cause for the procedural default, petitioner asserts his appellate counsel was constitutionally ineffective in failing to assert the claims he wished to bring on appeal and which are now raised in Grounds Four, Five, and Seven of the petition. (Doc. 7 at 4). Ineffective assistance of appellate counsel may constitute "cause" for a procedural default unless the ineffective assistance of appellate counsel claim was itself procedurally defaulted. *See Murray,* 477 U.S. at 488; *see also Edwards v. Carpenter,* 529 U.S. 446, 452 (2000); *Burroughs v. Makowski,* 411 F.3d 665, 668 (6th Cir.) (per curiam), *cert. denied,* 126 S.Ct. 653 (2005). If the Court determines that petitioner's ineffective assistance of appellate counsel claim–raised as an independent claim for relief in Ground Six of the petition–has merit, that could serve as cause to excuse the procedural default of the claims raised in Grounds Four, Five, and Seven. *Davie,* 547 F.3d at 312-13.

To establish his ineffective assistance of appellate counsel claim, petitioner must demonstrate: (1) his attorney on direct appeal made such serious errors he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) his attorney's deficient performance prejudiced the defense by undermining the reliability of the appeal result. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984). *See also McFarland v. Yukins,* 356 F.3d 688, 699 (6th Cir. 2004).

Under the first prong of the *Strickland* test, petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness based on all the circumstances

22

surrounding the case. *Id.* at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. *Id.* at 689. In determining whether or not counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id.*

To satisfy the "prejudice" prong of the *Strickland* test, petitioner must show that a "reasonable probability" exists that, but for his counsel's errors, the result of the criminal proceedings would have been different. *Id.* at 694. A showing by petitioner that the alleged errors had "some conceivable" effect on the outcome of the proceeding is insufficient to meet this standard. *Id.* at 693. However, by the same token, petitioner need not demonstrate that his counsel's conduct "more likely than not" altered the outcome of the proceeding to establish prejudice. *See id.* Petitioner has met his burden if he shows that the decision reached would "reasonably likely have been different absent the errors." *Id.* at 695; *see also Willis v. Smith*, 351 F.3d 741, 745 (6th Cir. 2003); *McMeans v. Brigano*, 228 F.3d 674, 682 (6th Cir. 2000).

The Court need not examine the question of whether counsel's performance was deficient before addressing the question of whether petitioner was prejudiced by counsel's performance. The Court may dispose of an ineffective assistance of counsel claim by finding that petitioner has made an insufficient showing on either ground. *Id.* at 697.

In this case, the petition asserts that appellate counsel was ineffective because he failed to raise several claims on direct appeal: that his sentence is contrary to law; the jury lost their way and there was insufficient evidence to convict; trial counsel was ineffective; he is actually innocent; and

23

conspiracy. (Doc. 7 at 4 and Exhs. A, B). In evaluating the ineffective assistance of appellate counsel claim, the Court must assess the strength of the claims that appellate counsel failed to raise. *See Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). "Counsel's failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *McFarland*, 356 F.3d at 699. "If there is a reasonable probability that [the defendant] would have prevailed on appeal had the claim been raised, we can then consider whether the claim's merit was so compelling that appellate counsel's failure to raise it amounted to ineffective assistance of appellate counsel." *Id.* at 700.

In addressing this claim on petitioner's Rule 26(B) application to reopen his direct appeal, the Ohio Court of Appeals correctly cited and applied the two-part standard of review established in *Strickland* for evaluating ineffective assistance of counsel claims. (Doc. 6, Exh. 23). As explained below, and as the Ohio Court of Appeals reasonably determined (Doc. 6, Exh. 23), counsel's challenged conduct did not fall below an objective standard of reasonableness and did not prejudice petitioner's defense under the applicable two-part *Strickland* standard.

### 1. Counsel's failure to challenge petitioner's sentence on appeal as alleged in Ground Five of the petition.

Petitioner contends appellate counsel's failure to challenge his sentence on appeal constitutes ineffective assistance of counsel. Ground Five of the petition asserts that petitioner's sentence of thirty year plus life is unconstitutional under *Blakely v. Washington*, 542 U.S. 296 (2004). (Doc. 7 at 5-7).

In *Blakely*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted

to a jury, and proved beyond a reasonable doubt." 542 U.S. at 303. The Supreme Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Id.* at 303 (emphasis in the original).

In *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), the Supreme Court of Ohio determined that certain provisions of Ohio's sentencing statute were unconstitutional under *Blakely* because they mandated additional judicial fact-finding before the imposition of more than minimum, maximum, and consecutive terms of imprisonment. *See id.* at 19-25, 845 N.E.2d at 490-94. The Supreme Court of Ohio determined that the proper remedy was to sever the *Blakely*-offending portions of the statutes and grant trial courts "full discretion to impose a prison sentence within the statutory range" without having to make findings or give reasons for imposing maximum, consecutive, or more than minimum sentences. *Id.* at 25-30, 845 N.E.2d at 494-98. Following the severance of the unconstitutional portions, the resulting Ohio sentencing statutes eliminated the presumptions in favor of minimum and concurrent sentences and permitted courts to sentence a defendant to any term within a crime's sentencing range or to consecutive sentences without making findings of fact.

When petitioner was sentenced on March 15, 2007, the Supreme Court of Ohio had already decided *Foster* and the trial judge had full discretion to impose any prison sentence within the statutory range for any reason or no reason, without having to make findings for imposing more than minimum, maximum, or consecutive sentences on petitioner. *Foster,* 109 Ohio St.3d at 25-30, 845 N.E.2d at 494-98; *see also Villagarcia v. Warden,* 599 F.3d 529, 537 (6th Cir. 2010). The State was under no burden "to prove *anything* before the court could select any sentence within the

25

appropriate sentencing range." *Wright v. Lazaroff,* 643 F. Supp.2d 971, 1002 (S.D. Ohio 2009) (quoting *Wentling v. Moore,* 2008 WL 2778510, at *8 (N.D. Ohio July 14, 2008) (emphasis in the original)).

Petitioner's conviction for rape subjected him to a mandatory life sentence under Ohio Rev. Code § 2907.02(B).[2] The gross sexual imposition counts were felonies of the third degree and subjected petitioner to a sentence between one and five years. *See* Ohio Rev. Code § 2929.14(A)(3). Petitioner was sentenced to a term of five years on each of the four gross sexual imposition offenses. The trial judge's sentence on each offense was within the statutory range, did not exceed the maximum sentence permitted by the range, and therefore did not violate *Blakely.*

The Court finds that petitioner's unlawful sentence claim had no reasonable probability of changing the outcome of his appeal and therefore appellate counsel was not ineffective in failing to raise the claim. Accordingly, petitioner cannot demonstrate he was prejudiced by appellate counsel's failure to raise a *Blakely* sentencing claim on appeal. Petitioner has not established "cause" for his procedural default of Ground Five on habeas review.

**2. Counsel's failure to assert a claim challenging the sufficiency of the evidence to convict.**

Ground Four of the petition asserts petitioner's convictions for rape and gross sexual

---

[2]Ohio Revised Code § 2907.02(A)(1)(b) states, in relevant part:

> No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when ... the other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

The statute also provides that if the offender violated this section and purposely compelled the victim to submit by force or threat of force, the person shall be imprisoned for life. Ohio Rev. Code § 2907.02(B). For the purposes of this statute, "force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." Ohio Rev. Code § 2901.01.

imposition are not supported by sufficient evidence in violation of the Due Process Clause. Petitioner argues counsel was ineffective in failing to raise this claim as an assignment of error on appeal.

The Due Process Clause of the Fourteenth Amendment protects a defendant in a criminal case from conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he or she is charged. *Jackson v. Virginia*, 443 U.S. 307, 316 (1979); *In re Winship,* 397 U.S. 358, 364 (1970). In analyzing claims of insufficient evidence, the Court must determine whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). This standard reserves to the trier of fact the responsibility to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts. *Id.* at 318-319.

On habeas corpus review, the federal court conducts an independent review of the state court record in analyzing petitioner's sufficiency of the evidence claim. *Nash v. Eberlin*, 437 F.3d 519, 525 (6th Cir. 2006). However, the Court "does not reweigh the evidence or redetermine the credibility of the witnesses whose demeanor has been observed by the trial court." *Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003) (citing *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). "*Jackson* makes clear that 'a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume-even if it does not affirmatively appear in the record-that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *O'Hara v. Brigano,* 499 F.3d 492, 499 (6th Cir. 2007) (citing *Jackson*, 443 U.S. at 326). In addition, circumstantial evidence may be sufficient to support a conviction

and such evidence need not remove every reasonable hypothesis except that of guilt. *See Jackson*, 443 U.S. at 326; *Walker v. Russell*, 57 F.3d 472, 475 (6th Cir. 1995); *Jamison v. Collins*, 100 F. Supp.2d 647, 705 (S.D. Ohio 2000), *aff'd*, 291 F.3d 380 (6th Cir. 2002). "The mere existence of sufficient evidence to convict therefore defeats a petitioner's claim." *Matthews*, 319 F.3d at 788.

In the instant case, petitioner fails to specifically allege any facts, citations to the record, or argument in support of his insufficient evidence claim. His conclusory allegations, without more, do not provide a basis for habeas relief. *See Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991). *See also Malcum v. Burt*, 276 F. Supp.2d 664, 685 (E.D. Mich. 2003); *Smith v. Bell*, No. 3:99-0731, 2005 WL 2416504, at *38 (M.D. Tenn. Sept. 30, 2005).

In any event, the record demonstrates that when the evidence is considered in the light most favorable to the prosecution, there is sufficient evidence supporting both the rape[3] and gross sexual imposition[4] convictions.

The record shows that F.A. was ten years old at the time of the trial. (Tr. 12). F.A. testified that when she was six or seven years old she lived with her mother and petitioner–her stepfather–for

---

[3]Rape is defined as follows: "No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when . . . [t]he other person is less than thirteen years of age, whether or not the offender knows the age of the other person." Ohio Rev. Code § 2907.02(A)(1)(b). "Sexual conduct" is defined as "vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse." Ohio Rev. Code § 2907.01.

[4]Gross sexual imposition is defined as follows: "No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when . . . [t]he other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person." Ohio Rev. Code § 2907.05(A)(4). "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." Ohio Rev. Code § 2907.01.

a period of time. She then moved in with her father and stepmother and would visit her mother and petitioner on weekends. (Tr. 13-15). F.A. testified that she observed petitioner place his hand on her brother J.H.'s "private" and "bottom." (Tr. 15-16, 18).

F.A. also testified that on three different occasions when she was six or seven, petitioner rubbed his "private" on the "private" part of F.A.'s clothed body when they were on the couch or on her mother's bed. (Tr. 25-27, 28-29, 82-86, 88, 105). She further testified that appellant on one occasion made her rub his "pee-pee" and that she felt something wet on the couch afterward. (Tr. 29-31). F.A. testified that on another occasion when she was six petitioner touched her "private" and stuck his fingers inside her "private" and "[i]t hurt real bad." (Tr. 32-33, 89, 108). F.A. also testified that petitioner "french kissed" her. (Tr. 35). F.A. testified that petitioner exposed his "private" to her on a number of instances. (Tr. 19, 23, 24). F.A. testified that petitioner told her not to tell anybody, but she was "a little scared" so she told her stepmother about the sexual encounters. (Tr. 36).

J.H., petitioner's thirteen year old stepson, also testified at trial. When he was nine or ten years old, he lived with his mother and petitioner in Trenton and Monroe, Ohio. (Tr. 145-47). He recalled one occasion when his sister, F.A., was visiting for the weekend and observed petitioner make "hand movements" close to his sister's waist going towards her vagina while petitioner and F.A. were on the couch under a blanket. (Tr. 148-49, 161). J.H. testified that he did not tell anyone because petitioner said if J.H. were to tell anyone what went on in the house J.H. "could get in trouble," meaning "like get beaten." (Tr. 149). J.H. testified that petitioner would look in on J.H. when he was taking a shower. (Tr. 150). J.H. testified that on one occasion, petitioner while in his underwear chased J.H. around the house to his mother's bedroom, removed his underwear, and tried

29

to place his penis in J.H. anus, touching the boy's buttocks with his penis. (Tr. 150-51). J.H. pushed petitioner off and ran to a neighbor's house. (Tr. 151-52). J.H. testified he did not tell anyone about this incident because he was afraid petitioner would hurt him or his mother. (Tr. 153). J.H. further testified that on other occasions, petitioner would make J.H. rub his penis before J.H. was allowed to go out and play. (Tr. 172).

Detective Michael Staples of the Monroe Police Department testified that during his interview with petitioner, petitioner stated he believed he "went a little too far in playing around" with F.A. and "may have tickled her around her vagina" about two to three times. (Tr. 185). Petitioner also stated he remember an incident when he and F.A. were on the couch and F.A. stuck her hands down petitioner's pants and grabbed his penis. (Tr. 186). Petitioner initially denied sticking his finger's in F.A.'s vagina, then admitted he placed his pinky finger in her vagina three times. (Tr. 187). Detective Staples testified that petitioner denied having vaginal intercourse with, "humping," or ejaculating on F.A. (Tr. 187-88).

Petitioner testified on his own behalf. He admitted that he had prior convictions within the last ten years for breaking and entering, possession of criminal tools, and possession of cocaine. (Tr. 274-75). He denied touching either F.A. or J.H. in a sexual way. (Tr. 277-279). He testified that Detective Staples kept interrogating him until he gave the statement the detective wanted to hear before petitioner would be allowed to leave. (Tr. 289-297).

The jury could reasonably have believed the testimony of F.A., J.H., and Detective Staples, while discrediting petitioner's contrary statements, and on habeas review this Court may not reweigh the evidence and reassess the credibility of the witnesses. *O'Hara,* 499 F.3d at 500;

*Matthews*, 319 F.3d at 788. In fact, the Court must presume that the jury resolved the conflicting evidence in favor of the prosecution in weighing the evidence in this case. *O'Hara*, 499 F.3d at 499, 500. When viewed in the light most favorable to the prosecution, the testimony of F.A., J.H., and Detective Staples was sufficient to establish the essential elements of rape and gross sexual imposition beyond a reasonable doubt. There was sufficient evidence from which any rational trier of fact could find petitioner guilty of rape and gross sexual imposition beyond a reasonable doubt and the Court concludes that the evidence was constitutionally sufficient to sustain petitioner's convictions.

Since the sufficiency of evidence claim alleged in Ground Four of the petition is without merit, petitioner cannot demonstrate he was prejudiced by appellate counsel's failure to raise this claim on appeal. Petitioner has not established "cause" for his procedural default of Ground Four on habeas review.

### 3. Counsel's failure to challenge the ineffective assistance of trial counsel as alleged in Ground Seven of the petition.

Petitioner contends appellate counsel failed to challenge the effectiveness of his trial counsel on appeal in violation of his constitutional rights. Ground Seven of the petition asserts an independent claim of ineffective assistance of trial counsel based on counsel's alleged failure "to object to an unconstitutional & statutory violated sentence of life + 30 years, and failure to raise factual innocence, conspiracy, multiple punishment, allied offense law, nor object to certain testimony, inconsistencies, nor investigate the claims of an unlawful conviction, insufficient evidence, and unlawful sentence." (Doc. 1 at 6).

Petitioner fails to show he suffered any prejudice resulting from appellate counsel's failure

31

to raise the effectiveness of trial counsel's performance on appeal. As explained above, the sufficiency of the evidence and sentencing claims petitioner wished to bring were without merit and not reasonably likely to alter the outcome of petitioner's criminal proceeding. *Strickland*, 466 U.S. at 695. Nor has petitioner made a viable claim of "actual innocence" by presenting new, reliable evidence that was not available to the petitioner at trial. *Schlup v. Delo,* 513 U.S. 298, 324 (1995). Petitioner also faults trial counsel's investigation. Yet, "a petitioner cannot show deficient performance or prejudice resulting from a failure to investigate if the petitioner does not make some showing of what evidence counsel should have pursued and how such evidence would have been material." *Hutchison v. Bell*, 303 F.3d 720, 748-49 (6th Cir. 2002) (citing *Austin v. Bell*, 126 F.3d 843, 848 (6th Cir. 1997) and *Martin v. Mitchell*, 280 F.3d 594, 608 (6th Cir.), *cert. denied*, 537 U.S. 1004 (2002), and *cert. denied*, 539 U.S. 938, 944 (2003)). Other than a general assertion, petitioner has failed to present any evidence or argument showing how counsel's alleged failure to investigate would have resulted in evidence tending to exculpate him or assist in his defense in order to demonstrate a "reasonable probability" of a different outcome. The remainder of petitioner's allegations concerning trial counsel's performance are conclusory and do not support habeas relief in this matter. Therefore, petitioner's appellate counsel cannot be faulted for failing to challenge trial counsel's performance on appeal. Petitioner's ineffective assistance of appellate counsel claim does not provide "cause" for the procedural default of Ground Seven of the petition.

Since the underlying substantive claims asserted in Grounds Four, Five and Seven have no merit, petitioner cannot demonstrate appellate counsel was ineffective for failing to raise those claims on appeal. As such, the ineffective assistance of appellate counsel claim which is raised as an independent claim in Ground Six of the petition must be denied and petitioner cannot assert the

32

ineffective assistance of appellate counsel as cause for his procedural default of his other grounds for relied. *See Edwards*, 529 U.S. at 452; *Davie*, 547 F.3d at 312.

Petitioner has failed to demonstrate either cause for the procedural default of the claims alleged in Grounds Four, Five, and Seven of the petition or actual prejudice resulting from the alleged constitutional violations. Nor has petitioner shown that if his claims are not considered on the merits a "fundamental miscarriage of justice" will occur, that is, that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent" of the crimes charged. *See Murray*, 477 U.S. at 495-96; *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995); *cf. Souter v. Jones*, 395 F.3d 577, 597-602 (6th Cir. 2005). Accordingly, any federal claims associated with Grounds Four, Five, and Seven of the petition are procedurally defaulted and waived for purposes of federal habeas review.

## IT IS THEREFORE RECOMMENDED THAT:

1. The petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to Grounds Four, Five, and Seven of the petition which this Court has concluded are waived and thus barred from review on procedural grounds because under the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000), "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the *Slack* standard.[5]

3. A certificate of appealability should not issue with respect to Grounds One, Two, Three and Six of the petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

---

[5] Because this Court finds that petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner stated a valid constitutional claim. *See Slack*, 529 U.S. at 484.

33

4. The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 5/3/10

Timothy S. Hogan
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RICHARD TODD WILLIAMS,
 Petitioner,

Civil Action No. 1:09-cv-250

Dlott, J.

vs.

Hogan, M.J.

TIM BRUNSMAN, WARDEN,
 Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S.
Hogan, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28
U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within
**FOURTEEN (14) DAYS** of the filing date of this R&R. Such party shall file with the Clerk of
Court and serve on all other parties written objections to the Report and Recommendation,
specifically identifying the portion(s) of the proposed findings, recommendations, or report objected
to, together with a memorandum of law setting forth the basis for such objection(s). Any response
by an opposing party to the written objections shall be filed within **FOURTEEN (14) DAYS** after
the opposing party has been served with the objections. A party's failure to make objections in
accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See
Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____ ☑ Agent  ☐ Addressee

B. Received by ( *Printed Name* )  C. Date of Delivery

1. Article Addressed to:

Richard Todd Williams
547-019
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail  ☐ Express Mail
   ☐ Registered  ☐ Return Receipt for Merchandise
   ☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? ( *Extra Fee* )  ☐ Yes

2. Article Number
   *(Transfer from service label)*
   7002 3150 0000 8389 8268

PS Form 3811, August 2001  Domestic Return Receipt  102595-02-M-1540

1:09 cv 250  (Doc. 11)